OPINION
{¶ 1} Appellant Zimmer Orthopaedic Surgical Products, et al. ("Zimmer") appeals the decision of the Tuscarawas County Court of Common Pleas concerning issues of jury instructions, jury interrogatories and the admission of a videotape at trial. The following facts give rise to this appeal.
 {¶ 2} Appellee Gary Haney filed a workers' compensation claim in August 2000. Appellee claimed that he contracted an injury known as Guyon canal syndrome of the left hand while employed with Zimmer. Appellee alleges his injury was principally caused by his work on a machine known as a Dermacarrier. Zimmer's principal defense was that it was impossible to attribute appellee's medical condition, to his employment, since appellee suffers from other medical conditions and social habits that could also cause the condition. The Industrial Commission agreed with Zimmer and denied appellee's workers' compensation claim.
 {¶ 3} On May 16, 2002, appellee appealed the denial of his workers' compensation claim to the Tuscarawas County Court of Common Pleas. Subsequently, on January 28, 2003, appellee voluntarily dismissed his appeal without prejudice. Appellee refiled his appeal on December 24, 2004. Thereafter, this matter proceeded to trial on November 9, 2004. Following deliberations, the jury returned a verdict in favor of appellee. The trial court entered judgment on the verdict on November 12, 2004.
 {¶ 4} Zimmer timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. WHERE A DEFENDANT/EMPLOYER'S EXPERT MEDICAL WITNESS TESTIFIES IN A WORKERS' COMPENSATION CASE, TO A REASONABLE DEGREE OF MEDICAL PROBABILITY, THAT THE PLAINTIFF/EMPLOYER'S MEDICAL CONDITIONS CANNOT BE ATTRIBUTED TO THE PLAINTIFF'S EMPLOYMENT, AND THEREBY CONTRADICTS THE TESTIMONY OF THE PLAINTIFF'S EXPERT REGARDING THE PROXIMATE CAUSE OF THE MEDICAL CONDITION, IT IS PREJUDICIAL ERROR FOR THE TRIAL COURT TO INSTRUCT THE JURY THAT THE DEFENDANT'S MEDICAL WITNESS `FAILED AS A MATTER OF LAW, TO PROVE OR ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE THAT [THE PLAINTIFF'S] CONDITION WAS PROXIMATELY CAUSED BY SOME OTHER FACTOR.
 {¶ 6} "II. WHERE A PARTY REQUESTS SEPARATE JURY INTERROGATORIES FOR EACH OF THE THREE ELEMENTS OF A WORKERS' COMPENSATION CLAIM, I.E., THAT THE INJURY WAS RECEIVED IN THE COURSE OF EMPLOYMENT, AROSE OUT OF EMPLOYMENT, AND WAS PROXIMATELY CAUSED BY EMPLOYMENT, IT IS PREJUDICIAL ERROR FOR THE TRIAL COURT TO COMBINE THE THREE ELEMENTS INTO A SINGLE INTERROGATORY.
 {¶ 7} "III. IT IS PREJUDICIAL ERROR FOR A TRIAL COURT, OVER THE DEFENDANT'S OBJECTION, TO PERMIT A PLAINTIFF IN A WORKERS' COMPENSATION CASE TO PRESENT THE PLAINTIFF'S TESTIMONY, IN PART, BY PRE-RECORDED VIDEOTAPE IN WHICH THE PLAINTIFF IS NOT UNDER OATH AND IS NOT SUBJECT TO CROSS-EXAMINATION."
 I {¶ 8} In its First Assignment of Error, Zimmer maintains the trial court erred by instructing the jury that its expert failed to meet a burden of proof that does not exist, thereby instructing the jury to disregard its defense in this case. We agree.
 {¶ 9} In Herron v. Baker Hi-Way Express, Tuscarawas App. No. 2003 AP 10 0080, 2004-Ohio-6681, at ¶ 45, we recently explained that "[o]ur standard of review on a claim of improper instructions is to consider the jury charge as a whole, and determine whether the charge given misled the jury in a manner materially affecting the party's substantial rights.Kokitka v. Ford Motor Company (1995), 73 Ohio St.3d 89, 93, 652 N.E.2d 671. A jury is presumed to follow the instructions given it by the court.State v. Henderson (1988), 39 Ohio St.3d 24, 528 N.E.2d 1237." Id. at ¶ 45. It is based upon this standard that we review Zimmer's First Assignment of Error.
 {¶ 10} At trial, each party had an expert medical witness testify. Appellee's expert medical witness, Nicholas Varrati, M.D., testified that appellee's Guyon canal syndrome was caused by his work at Zimmer. Tr. Vol. I at 217. To rebut this testimony, Zimmer's expert medical witness, Richard Reichert, M.D., testified that the condition cannot be attributed to appellee's employment because there are multiple other non-work related factors which render it impossible to isolate appellee's work on the Dermacarrier machine as the cause of his injury. Id. at Vol. II at 320-321.
 {¶ 11} On the day of trial, appellee filed a motion in limine. Appellee sought to exclude the testimony of Dr. Reichert on the basis that his testimony, regarding other possible causes of appellee's Guyon canal syndrome, was inadmissible because Dr. Reichert did not opine to a reasonable degree of medical certainty that there was an alternative cause of appellee's injury. Appellee based his motion in limine on the Ohio Supreme Court's decision in Stinson v. England, 69 Ohio St.3d 451,1994-Ohio-35. Zimmer responded that the Stinson case was not applicable because Dr. Reichert did not assign an alternate cause for the injury. Instead, Dr. Reichert's opinion was that there was not enough evidence to conclude that appellee's work caused his injury because other non-work related factors may have contributed to his injury. The trial court denied appellee's motion in limine and permitted Dr. Reichert to testify.
 {¶ 12} At trial, Dr. Reichert testified as follows:
 {¶ 13} "Q. * * * I want you to tell me if you can state within a reasonable degree of medical certainty whether plaintiff's condition was caused by his employment at Zimmer Orthopaedic Surgical Products.
 {¶ 14} "A. Mr. Haney has documented evidence of the Guyon's canal syndrome on that left upper extremity. It was at that time and it remains my opinion that the — that I was unable to assign the causation for that to the — to his duties at Zimmer Patient Care or Zimmer Surgical Supply at that time.
 {¶ 15} "Q. And why couldn't you — why couldn't you assign the cause of his condition to his work activities?
 {¶ 16} "A. He just had — he had multiple reasons to have developed Guyon's canal syndrome, between his diabetes, his use of the amiodarone, the history of alcoholism, heavy alcohol use, his duties, not his duties but I guess his activities outside the workplace of carpentry work. All those things are risk factors and can add to or cause the development nerve entrapment syndromes of which Guyon's canal is one." Tr. Vol. II at 320-321.
 {¶ 17} Based upon the above testimony of Dr. Reichert, the trial court gave the following instruction to the jury:
 {¶ 18} "In this case, you are instructed that the employer hasfailed, as a matter of law, to prove or establish, by a preponderance of the evidence, that Mr. Haney's injury/condition was proximately or directly caused by some other factor/condition or activity such as diabetes, alcohol consumption or woodworking/carpentry. This is so because the employer's witness, Richard Reichert, M.D., did not reach such conclusions to a reasonable degree of medical probability.
 {¶ 19} "Thus, the testimony of Dr. Reichert can be considered by youonly as it relates to whether the plaintiff has proved, by a preponderance of the evidence, that his injury/condition was incurred in the course of and arising out of his employment with Zimmer Patient Care. The expert witnesses in this case, Drs. Varrati and Reichert, are precluded from engaging in speculation or conjecture with respect to possible causes of the plaintiff's injury/condition. Their conclusions must be reached to a reasonable degree of medical probability." (Emphasis sic.)
 {¶ 20} Zimmer objected to the above jury instruction on the basis that it was prejudicial and factually and legally incorrect. Id. at Vol. II at 340-341. The trial court overruled Zimmer's objection and permitted the jury to consider the above instruction during its deliberations.
 {¶ 21} On appeal, Zimmer argues, pursuant to the Stinson decision, that Dr. Reichert's testimony was proper. Thus, Zimmer concludes the trial court erred when it instructed the jury to consider Dr. Reichert's testimony only as it relates to whether appellee proved that his injury was incurred in the course and scope of his employment with Zimmer.
 {¶ 22} We agree with the parties that Stinson is the case that is dispositive of this matter on appeal. In Stinson, the plaintiff sued her obstetrician after her baby, who was born after the expected delivery date, was diagnosed as suffering severe mental impairment. Stinson at 452. At trial, the doctor called an expert medical witness who testified that any of three events could have caused the baby's injuries, but that one of the events was the "most likely" cause. Id. at 454. The plaintiff argued that this testimony was incompetent because the opinion was stated in terms of possibilities, not probabilities. Id.
 {¶ 23} On appeal to the Ohio Supreme Court, the Court determined the trial court did not abuse its discretion by allowing this testimony. In reaching its decision, the Court distinguished between the following two types of defenses: (1) a defense in which the defendant offers an alternative explanation for the events giving rise to the litigation; and (2) a defense in which the defendant controverts a fact propounded by the other side. Id. at 455-456.
 {¶ 24} In the former situation, expert opinion regarding a causative event must be stated in terms of probability regardless of whether the side offering the opinion bears the burden of proof on the ultimate issue. Id. at paragraph one of the syllabus. In the latter situation, an expert's opinion may be properly admissible even if it is not stated in terms of probability. By testifying that another cause is more likely than the cause suggested by the plaintiff, the defense's expert is essentially stating that the cause suggested by the plaintiff is not probable. Such an opinion is competent testimony. Id. at 457.
 {¶ 25} In the case sub judice, we conclude the trial court's jury instruction regarding Dr. Reichert's testimony misled the jury in a manner materially affecting Zimmer's substantial rights. However, we do not find both paragraphs of the challenged jury instruction to be in error. Instead, we conclude the first paragraph of the challenged jury instruction correctly states the law. That is, Dr. Reichert did not testify, to a reasonable degree of medical certainty, that appellee's condition of Guyon canal syndrome was specifically caused by some other factor or condition. Therefore, the jury could not use Dr. Reichert's testimony that some other factor, besides the use of the Dermacarrier machine, proximately caused the condition from which appellee suffers.
 {¶ 26} The error in the jury instructions is found in the second paragraph of the challenged instruction. The trial court improperly instructed the jury that it could only consider Dr. Reichert's testimony as it relates to whether appellee proved that his condition was incurred in the course of and arising out of his employment with Zimmer. We do not find that the jury's consideration of Dr. Reichert's testimony should have been limited in such a manner.
 {¶ 27} Rather, Dr. Reichert's testimony that appellee "had multiple reasons to have developed Guyon's canal syndrome" effectively opined that Dr. Varrati's theory, as to the cause of appellee's injury, was not probable. Had Dr. Reichert testified in such a manner as to establish an alternative cause, then his testimony would have had to meet the probability threshold. However, Dr. Reichert was not attempting nor was he required to prove the cause of the injury. Dr. Reichert merely suggested that appellee's Guyon canal syndrome resulted from any of several causes. Thus, under the Stinson decision, Dr. Reichert's testimony was admissible to refute Dr. Varrati's theory.
 {¶ 28} Zimmer's First Assignment of Error is sustained.
 II {¶ 29} Zimmer contends, in its Second Assignment of Error, the trial court erred when it combined three of its jury interrogatories into one, thereby prohibiting the jury from separately considering each element of a workers' compensation claim and effectively instructing the jury that the three elements are synonymous. We agree.
 {¶ 30} Our standard of review, as noted in the First Assignment of Error, is whether the jury charge, as a whole, misled the jury in a manner materially affecting the party's substantial rights. Herron v.Baker Hi-Way Express, supra, at ¶ 45.
 {¶ 31} In the case sub judice, on October 29, 2004, Zimmer filed four proposed jury interrogatories. Zimmer's proposed interrogatories are as follows:
 {¶ 32} "1. Did the Plaintiff prove, by a preponderance of the evidence, that he has the physical injury of Guyon canal syndrome of the left hand?
 {¶ 33} "2. Did the Plaintiff prove, by a preponderance of the evidence, that he sustained the physical injury of Guyon canal syndrome of the left hand in the course of his employment with Zimmer Patient Care?
 {¶ 34} "3. Did the Plaintiff prove, by a preponderance of the evidence, that his physical injury of Guyon canal syndrome of the left hand arose out of his employment with Zimmer Patient Care?
 {¶ 35} "4. Did the Plaintiff prove, by a preponderance of the evidence, that his physical injury of Guyon canal syndrome of the left hand was directly and proximately caused by his alleged injury in August 2002?"
 {¶ 36} The last three interrogatories constitute the three elements a plaintiff must prove to establish a workers' compensation claim. Specifically, R.C. 4123.01(C) provides that in order for an employee's injury to be compensable by the state workers' compensation fund, it must be "received in the course of and arising out of the injured employee's employment." Despite the language of R.C. 4123.01(C), the trial court combined the four interrogatories into two interrogatories. The court submitted the following two jury interrogatories to the jury:
 {¶ 37} "Jury Interrogatory No. 1: Do you find, by a preponderance of the evidence, that Plaintiff has incurred the injury/condition of Guyon canal syndrome of the left wrist?
 {¶ 38} "Jury Interrogatory No. 2: Do you find, by a preponderance of the evidence, that Plaintiff's injury/condition Guyon canal syndrome of the left wrist was incurred in the course of and arising out of, i.e. proximately caused by, his employment with Zimmer Patient Care on or before 8/16/2000?"
 {¶ 39} The trial court gave the following explanation for combining Zimmer's proposed jury instructions:
 {¶ 40} "THE COURT: * * * One of the things — Aaron, I don't think you had any proposed interrogatories.
 {¶ 41} "MR. FALVO: No we didn't. We usually don't use them to be honest.
 {¶ 42} "THE COURT: Yeah. I always use them. I guess it's just a particular preference of a court. But one of the things — I'm interested in your legal insights on this too because I think I've talked about it before with lawyers but I can't remember what our ultimate conclusion was.
 {¶ 43} "The concept of `in the course of and arising out of the employment.' I saw your interrogatories, Clint, which had separate `in the course of employment,' yes/no, `arising out of employment,' yes/no. And then of course the last was proximate cause, yes/no. But my view of this is that in the course of employment, and arising out of employment, they really merge together. * * *
 "* * * {¶ 44} "MR. FALVO: I've never seen a separate interrogatory for each. It was my assumption it was just an attempt, and a fine attempt, I would probably do the same thing to kind of make it seem a little more difficult than it actually is.
 {¶ 45} "THE COURT: If you were defendant's counsel.
 {¶ 46} "MR. FALVO: Sure. And I would clearly agree with you that within the scope of and arising out of the employment can't really be two separate things. It's just not possible.
 {¶ 47} "THE COURT: I was trying to conceive of a situation where you could conclude that the injury was arising out of the employment but was not in the course of. I can't conceive of a situation where that would ever happen. I mean it has to be if it's arising out of the employment, it has to be in the course of." Tr. Vol. II at 268-269.
 {¶ 48} Thus, according to the trial court, it combined the two elements of "in the course of employment" and "arising out of the employment" because it found the two elements merged together. The Ohio Supreme Court disagreed with this conclusion in the case of Fisher v.Mayfield (1990), 49 Ohio St.3d 275, 277, and concluded that both prongs (i.e. "in the course of" "and arising out of") must be satisfied before compensation will be allowed.
 {¶ 49} In Ruckman v. Cubby Drilling, Inc., 81 Ohio St.3d 117, 120,1998-Ohio-455, the Ohio Supreme Court defined the term "in the course of employment" as follows:
 {¶ 50} "The phrase `in the course of employment' limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service. * * * `To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.' * * * An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business."
 {¶ 51} The determination of whether an injury occurred in the course of employment requires courts to look at the "time, place and circumstances" of the injury. Id. at 120.
 {¶ 52} The "arising out of" prong denotes a causal connection between the employment and the injury. Fisher at 277-278. To determine whether a sufficient causal relationship exists, Ohio courts employ a "totality of the facts and circumstances" analysis. That test requires analysis of the following facts and circumstances:
 {¶ 53} The proximity of the scene of the accident to the place of employment;
 {¶ 54} The degree of control the employer had over the scene of the accident; and
 {¶ 55} The benefit the employer received from the injured employee's presence at the scene of the accident. Ruckman at 122.
 {¶ 56} Based upon the above case law from the Ohio Supreme Court, we find the trial court erred when it combined the "in the course of" and "arising out of" prongs into one jury instruction. The jury instruction misled the jury, in a manner materially affecting Zimmer's substantial rights, as it did not convey, to the jury, that separate prongs had to be established before appellee would be entitled to participate in the workers' compensation fund.
 {¶ 57} We would further note that the jury instructions contained in Ohio Jury Instructions, at Sections 365.09 and 365.11, set forth separate instructions for "course of employment," "arising out of employment," and "proximate cause." Accordingly, we conclude the trial court erred when it combined Zimmer's requested jury instructions.
 {¶ 58} Zimmer's Second Assignment of Error is sustained.
 III {¶ 59} In its Third Assignment of Error, Zimmer maintains the trial court erred when it permitted the jury to view a videotape of appellee explaining his work duties while not under oath or subject to cross-examination. We disagree.
 {¶ 60} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 61} In the case sub judice, the trial court permitted appellee to admit into evidence a videotape of appellee standing in front of the Dermacarrier machine describing how he operated it. During the making of the videotape, appellee was not under oath and was not subject to cross-examination. As a result, on November 3, 2004, Zimmer filed a motion in limine to exclude the viewing of the videotape by the jury. Zimmer argued the videotape was irrelevant, prejudicial and constituted inadmissible hearsay. The trial court overruled Zimmer's motion.
 {¶ 62} However, in denying Zimmer's motion in limine, the trial court further concluded that it would not permit appellee to play the entire videotape for the jury. Instead, the trial court permitted appellee to play a couple minutes of the videotape. Tr. Vol. I at 180. Further, the trial court informed counsel for Zimmer that he would be permitted to cross-examine appellee about what he said and did on the videotape. Id. at 180-181. After a portion of the videotape was played to the jury, the record indicates the attorney for Zimmer did cross-examine appellee about the videotape. See Vol. I at 186-187.
 {¶ 63} Accordingly, we conclude the trial court did not abuse its discretion when it permitted appellee, to introduce into evidence, a portion of the videotape.
 {¶ 64} Zimmer's Third Assignment of Error is overruled.
 {¶ 65} For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Wise, J. Boggins, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.