DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Diane Garbers, appeals from the trial court's entry of judgment on a jury verdict in favor of appellee, William J. Rachwal, M.D. and from the trial court's denial of a motion for new trial. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} Garbers filed the instant medical malpractice action against Dr. Rachwal in connection with the care and treatment that he provided to her. Specifically, Garbers alleged that Dr. Rachwal was negligent in placing a chest tube during her quadruple coronary artery bypass ("CABG") surgery, and that such negligence directly and proximately caused injury to her, including puncture of a previously placed silicone/saline breast implant.
 {¶ 3} On May 1, 2006, this matter proceeded to a jury trial, where evidence of the following was adduced. Garbers was a 52-year old woman with a history of coronary artery disease. She had her first heart attack in October 2000. Less than a year later, on June 6, 2001, she had a second heart attack. On that day, she was taken to The Toledo Hospital, where a cardiac catheterization showed that she had severe, multi-vessel coronary artery disease. Garbers' cardiologist suggested that she have surgery, and, to that end, he consulted Dr. Rachwal, a cardiothoracic surgeon, for an evaluation. On the same day, Dr. Rachwal completed a history and physical examination of Garbers. He examined her by listening to her heart and lungs with a stethoscope. In addition, he obtained information from her and reviewed her medical and surgical history.
 {¶ 4} During Dr. Rachwal's exam, Garbers told Dr. Rachwal that she had had a left mastectomy. She did not tell Dr. Rachwal that following her mastectomy she had undergone breast reconstruction surgery and, in connection with that reconstruction, had received a breast implant. Dr. Rachwal asked Garbers whether she had undergone any radiation therapy following the mastectomy, and she indicated that she had not. Dr. *Page 3 
Rachwal did not ask Garbers whether she had a breast implant, or did he remove Garbers' gown during this consultation. As a result of the foregoing circumstances, Dr. Rachwal was not aware that Garbers had a breast reconstruction and/or implant at the time of surgery.
 {¶ 5} Upon completion of his consultation, Dr. Rachwal recommended that Garbers undergo CABG surgery. Garbers refused her consent, and on June 7, 2001, she was discharged from the hospital. Garbers subsequently changed her mind about having the procedure, and on June 13, 2001, she returned to the hospital.
 {¶ 6} At surgery, four bypass grafts were successfully placed, and new blood flow to the heart was achieved. Near the completion of surgery, Dr. Rachwal placed a chest tube in the left side of Garbers' chest. The chest tube was necessary in order to drain accumulations of air and fluid that occur naturally after surgery and which, if left untreated, can impede the patient's breathing.
 {¶ 7} There is no dispute that chest tube placement was necessary in this case. Nor is there any dispute that Dr. Rachwal's method of inserting the chest tube was appropriate. He made an incision in the skin, just below the infra-mammary fold of the breast, then took a clamp, which is a blunt instrument, and placed it into the incision. He tunneled the clamp up underneath the skin a rib space or two and inserted it through the chest wall. It was at this point that Dr. Rachwal noticed silicone gel on the inside of the chest wall, and it was at this point that he realized that Garbers had a breast implant. Once he encountered the silicone gel, he removed the clamp and repeated the procedure *Page 4 
further down on the chest wall. He also consulted a plastic surgeon, who immediately came into the operating room and evaluated the problem. The plastic surgeon recommended that the ruptured implant be replaced, but only after Garbers had completely recovered from the open-heart surgery.
 {¶ 8} The uncontroverted testimony at trial was that a chest tube should not be placed in the area of the breast, whether natural or reconstructed. Also uncontroverted was that at least the implant capsule — i.e., the scar tissue that forms around an implant as a body's natural reaction to a foreign body — was breached, and that silicone gel came out.
 {¶ 9} Vigorously disputed was whether this breach was below the standard of care in this case. Garbers' expert, Alan Markowitz, M.D., testified that during an open heart procedure, it is never within the standard of care for a surgeon to invade the area of the breast or breast implant with a chest tube. On the other hand, Dr. Rachwal's expert, Norman Silverman, M.D., testified that complications can occur and although one should not enter the area of the breast or reconstructed breast with a chest tube, it is not below the standard of care to do so. Dr. Silverman further testified that even if it were assumed that Dr. Rachwal did actually rupture Garbers' implant, Dr. Rachwal's actions in placing the chest tube did not fall below the standard of care.
 {¶ 10} After three days of testimony, the jury returned a unanimous verdict in favor of Dr. Rachwal, wherein they specifically found that he was not negligent with respect to his treatment of Garbers. Judgment was entered on the verdict on May 11, *Page 5 
2006. On May 10, 2006, Garbers filed a motion for new trial. In a judgment entry dated June 9, 2006, the trial court denied the motion. Garbers filed a timely appeal, raising the following assignments of error:
 {¶ 11} I. "THE TRIAL COURT ERRED IN REFUSING TO GIVE CERTAIN REQUESTED JURY INSTRUCTIONS
 {¶ 12} "A) RES IPSA LOQUITUR
 {¶ 13} "B) BURDEN OF PROOF FOR ALTERNATIVE THEORIES OF CAUSATION PURSUANT TO STINSON V. ENGLAND (1994), 69 OHIO ST.3D 451
 {¶ 14} "C) EGGSHELL PLAINTIFF"
 {¶ 15} II. "THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF'S CIVIL RULE 59 MOTION FOR A NEW TRIAL."
 {¶ 16} III. "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 17} We first consider Garbers' third assignment of error, wherein she claims that the jury verdict was contrary to the manifest weight of the evidence. The law is well-established that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus.
 {¶ 18} Here, the testimony of Dr. Silverman at the time of trial was that Dr. Rachwal, despite entering the area of Garbers' reconstructed breast with a chest tube — even *Page 6 
assuming he actually ruptured Garbers' implant — met the standard of care in this case. Accordingly, we find that there was competent, credible evidence to support the jury's verdict on Garbers' claim for negligence. Garbers' third assignment of error is, therefore, found not well-taken.
 {¶ 19} Next, we consider Garbers' first assignment of error, wherein she claims that the trial court erred in refusing to give certain requested jury instructions. The law is clear that a trial court must charge a jury with instructions that are a correct and complete statement of the law, Marshall v. Gibson (1985), 19 Ohio St.3d 10, 12, but the trial court is not required to give jury instructions in the language proposed by the parties — even if the proposed instruction is an accurate statement of the law. Henderson v. Spring Run Allotment
(1994), 99 Ohio App.3d 633, 638. "Instead, the court has the discretion to use its own language to communicate the same legal principles."Henderson, supra. In addition, where a proposed instruction is either redundant or immaterial to the case, it is within the court's discretion to refuse to give that instruction. Bostic v. Connor (1988),37 Ohio St.3d 144, 148.
 {¶ 20} Absent an abuse of discretion, this court must affirm the trial court's language of the jury instructions. Chambers v. Admr., Ohio Bur.of Workers' Comp., 164 Ohio App.3d 397, 2005-Ohio-6086, ¶ 6. The term "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse-of-discretion standard, an appellate court may not *Page 7 
substitute its judgment for that of the trial court. See Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 21} Where there is error in a jury charge, a reviewing court must consider the charge as a whole, and determine whether the charge given misled the jury in a manner materially affecting the party's substantial rights. Kokitka v. Ford Motor Co. (1995), 73 Ohio St.3d 89, 93;Haney v. Zimmer Orthopaedic Surgical Products, 5th Dist. No. 2004 AP 12 0074, 2005-Ohio-4345, ¶ 9.
 {¶ 22} In the instant case, the pleadings and evidence pertained to issues of medical negligence. A review of the instructions given demonstrates that the law related to those issues was fully presented to the jury. When Garbers' proposed jury instructions are reviewed in connection with those instructions that were actually given, it is evident that the proposed instructions were either immaterial or harmlessly omitted.
 {¶ 23} Garbers first argues that it was error for the court to refuse to give an instruction on res ipsa loquitur. We disagree. The law is clear that the doctrine of res ipsa loquitur applies only when an accident occurs under "unexplained circumstances" and the defendant has exclusive control of the instrumentality causing the injury. Floyd v.United Home Imp. Ctr., Inc. (1997), 119 Ohio App.3d 716, 719; see, also,Fink v. New York Cent. R. Co. (1944) 144 Ohio 1, 5 ("[t] he particular justice of the doctrine [of res ipsa loquitur] rests upon the foundation that the true cause of the occurrence whether innocent or culpable is within the knowledge or access of the defendant and not within the knowledge or access of the plaintiff") *Page 8 
 {¶ 24} The instant case is not one where the injury was due to "unexplained circumstances." To the contrary, the undisputed evidence demonstrates that the injury occurred when Dr. Rachwal entered the area of Garbers' breast reconstruction while he was in the process of inserting a chest tube. Although there was intense dispute among the parties as to when and how the implant ruptured, such issues were not critical to a determination of this case. Critical was whether Dr. Rachwal, in entering the area of Garbers' breast construction while placing the chest tube, acted negligently. As indicated above, the jury properly determined that he did not.
 {¶ 25} Garbers next argues that the trial court erred in refusing to instruct the jury as follows with regard to the proximate cause of her injury:
 {¶ 26} "In this case, the defendant has offered an alternative theory as to the cause of the plaintiffs damages, that is; that her breast implant was already ruptured before Dr. Rachwal began his surgery. When a defendant offers a defense of an alternative cause of the plaintiffs injuries, that defendant must put forth evidence in support of that defense by a preponderance of the evidence."
 {¶ 27} Again, the issue of when and how the implant ruptured was not decisive in this case. Therefore, even assuming that the trial court erred in declining to give the alternative cause instruction (and we make no determination that it did), we find that omission of the instruction could not have misled the jury in a matter that materially affected Garbers' substantial rights. *Page 9 
 {¶ 28} Lastly, we look to appellant's claim that the trial court erred in failing to give the following "eggshell" plaintiff instruction:
 {¶ 29} "It is the law of the State of Ohio as far as damages are concerned, that a defendant who negligently inflicts injury on another takes the party injured as she finds her and is liable for the actual injury and damage suffered directly from the defendant's negligence. If you believe that he plaintiff had a predisposition which made her more susceptible to injury, you are not to take that into account in your deliberations. It is no defense that another woman without a breast implant might have been injured less, or injured differently, or recovered faster or better. If you find that Dr. Rachwal was negligent in his placement of a chest tube into plaintiffs breast, and that in doing so he punctured her implant, then he is liable for all for the damages that this plaintiff suffered in light of her particular circumstances."
 {¶ 30} In this instance, the instruction goes to the issue of damages. Given the jury's decision that Garbers had not met her burden in proving negligence, the issue of damages was never reached. Thus, an erroneous instruction dealing with the issue of damages — assuming one were to have been given, and, again, we make no determination that one was — could not have misled the jury in a matter that materially affected Garbers' substantial rights.
 {¶ 31} For the foregoing reasons, Garbers' first assignment of error is found not well-taken. *Page 10 
 {¶ 32} Finally, we consider appellant's second assignment of error, wherein she states that the trial court erred in denying her motion for a new trial, pursuant to Civ.R. 59. Specifically, Garbers argued that she was entitled to a new trial due to "irregularity by the prevailing party" and "surprise" that prevented her from having a fair trial, pursuant to Civ.R. 59(A)(1) and (3).
 {¶ 33} The "surprise," Garbers claims, resulted at trial when Dr. Rachwal gave testimony different from that which he gave at his discovery deposition. At deposition, Dr. Rachwal testified that it was "more likely than not" that he had punctured Garbers' breast implant while inserting the chest tube. At trial, however, Dr. Rachwal testified, "After looking at the deposition of Dr. Hunyadi and especially after seeing the pictures, I don't see how I ruptured the implant when the tube was placed in a reasonable position."
 {¶ 34} Garbers claims that the "irregularity" occurred because, pursuant to Civ.R. 26(E)(1)(b) and (E)(2), the defense had an obligation to inform her of the changes in Dr. Rachwal's opinion. Civ.R. 26(E) relevantly provides:
 {¶ 35} "A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
 {¶ 36} "(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to * * * (b) the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify. *Page 11 
 {¶ 37} "(2) A party who knows or later learns that his response is incorrect is under a duty seasonably to correct the response."
 {¶ 38} The law is clear that a trial court has broad discretion when imposing discovery sanctions, and that a reviewing court shall review these rulings only for an abuse of discretion. Nakoff v. Fairview Gen.Hosp. (1996), 75 Ohio St.3d 254, 256. Similarly, the decision on a motion for a new trial pursuant to Civ.R. 59 is within the discretion of the trial court. Sharp v. Norfolk W. Ry. Co., 72 Ohio St.3d 307, 312,1995-Ohio-224. Accordingly, the trial court's decisions concerning discovery sanctions and on motions for new trial will be disturbed only upon a showing that such decisions were unreasonable, unconscionable or arbitrary. See Blakemore v. Blakemore, supra.
 {¶ 39} In examining the circumstances of the instant case, we note that although Garbers argues that she first became aware of Dr. Rachwal's change in testimony when he was called on cross-examination on the second day of trial, the fact is that she made no objection or motion to exclude the testimony of Dr. Rachwal at any time during the trial of this matter.
 {¶ 40} We additionally note that the trial court, far from ignoring or excusing the change in testimony, instructed the jury regarding inconsistent statements. That instruction was as follows:
 {¶ 41} "Now, you have heard evidence that a witness or witnesses made statements on an earlier occasion which Counsel argues is inconsistent with the witness' trial testimony. Evidence of the alleged prior inconsistent statement was placed before *Page 12 
you for the purpose of helping you decide whether to believe the trial testimony of a witness, who it is argued, contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe. In making this determination, you may consider the type of statement taken, and all the circumstances surrounding the taking of the statement. It is exclusively your duty to determine whether the prior statement was inconsistent, and if so, how much weight, if any, is to be given to the inconsistent statement in determining whether to believe all or any or part of a witness's testimony."
 {¶ 42} Finally, and perhaps most importantly, we find that Garbers was not prejudiced by the change in Dr. Rachwal's testimony. As indicated above, the critical issue in this case was not the precise manner in which the implant was ruptured. Rather, the critical issue was whether Dr. Rachwal's entry into the area of Garbers' reconstructed breast while placing a chest tube deviated from the accepted standards of care. And, again, testimony by Dr. Silverman established that even if Dr. Rachwal had ruptured Garbers' implant, his actions in placing the chest tube did not fall below the standard of care.
 {¶ 43} Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Garbers' motion for a new trial. Accordingly, Garbers' second assignment of error is found not well-taken. *Page 13 
 {¶ 44} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1